**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ONEAL WOODS,** ) | **CASE NO. 4:13 CV 1299** |
| ) | |
| Petitioner, ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **JOE COAKLEY,** ) | |
| ) | |
| Respondent. ) | |

*Pro se* Petitioner Oneal Woods filed the above-captioned action under 28 U.S.C. § 2241 against FCI-Elkton Warden, Joe Coakley. Woods is currently serving the following two federal sentences: a 175 month sentence imposed in April 1996 by the United States District Court for the Eastern District of Wisconsin in Case No. 95-CR-187, and a second consecutive sentence of 170 months imposed by that same district court in May 1997 in Case No. 2:95-CR-194. Woods obtained a reduction of his sentence in Case No. 95-CR-187 to 120 months. Although he requested a further reduction, he remained subject to the 10-year statutory minimum applicable to his offense involving more than 50 grams of crack cocaine. In this petition, Woods claims a notation in his 1996 pre-sentence report indicating he was in possession of 75 grams of crack cocaine, was erroneous. He contends that if this quantity were deleted from the pre-sentence report, his guideline range would have been 21-27 months, for a total aggregate sentence of 197 months. He claims he has served 210 months and should be released immediately.

**Factual and Procedural Background**

Woods was convicted in 1996 of possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). His pre-sentence report attributed 75 grams of crack cocaine to him and described his offense as statutorily punishable by not less than ten years and not more than life in prison. The pre-sentence report proposed a base offense level of 32 pursuant § 2D1.1(c), which assigned that offense level to cases involving at least 50 grams but fewer than 150 grams of crack cocaine. Woods had a category IV criminal history, which combined with an offense level of 32 resulted in guideline sentencing range of 168-210 months. The district court imposed a sentence of 175 months.

Woods filed a motion requesting a sentence reduction in 2008 to reflect retroactive amendment 706 to § 2D1.1. The amendment reduced Woods's § 2D1.1(c) base offense level from 32 to 30. Combined with his category IV criminal history, his amended guideline range was 135 to 168 months. The district court granted the motion and reduced Woods's sentence to 140 months.

Woods filed a second motion requesting a retroactive sentence reduction in March 2012 based on retroactive amendments to the sentencing guidelines for crack cocaine offenses pursuant to 18 U.S.C. § 3582. The amended version of § 2D1.1 assigns a base offense level of 26 to cases, like Woods's, that involve at least 28 grams but fewer than 112 grams of crack cocaine. Combined with his category IV criminal history, Woods's revised guideline range resulted in an amended guideline sentencing range of 92-115 months. The district court noted, however, that Woods remains subject to the 10-year statutory minimum applicable to offenses committed prior to August 2, 2010 involving more than 50 grams of crack cocaine, and sentenced him to 120 months. Woods filed a motion for reconsideration which was denied. He filed an appeal of this decision to the United States Seventh Circuit Court of Appeals. His motion to proceed *in forma pauperis* on

appeal was denied and he did not pay the full filing fee resulting in the dismissal of the appeal.

Woods filed a Motion to Vacate under 28 U.S.C. § 2255 on April 4, 2013. The district court stated the motion was a second or successive petition requiring him to seek authorization from the court of appeals. The court reasoned that Woods received a reduction in his sentence, not a new sentence, and therefore he was not entitled to file another § 2255 motion to contest the reduction. Furthermore, the district court determined Woods could and should have raised his objections to the reduction on appeal. The district court denied the motion to vacate on April 16, 2013.

Woods did not appeal that decision. Instead, he filed another Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense on July 19, 2013, and a Motion to Correct Sentence and Motion for Immediate Release from Custody on July 19, 2013 and July 31, 2013 respectively. Those motions are still pending in the United States District Court for the Eastern District of Wisconsin.

Thereafter, Woods filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. He first contends his 1996 pre-sentence report listing that he possessed 75 grams of crack cocaine was erroneous. He does not indicate why is this information is incorrect. Nevertheless, he argues that if this amount were removed, he would fall within the sentencing guideline range of 21-27 months. He reasons that with this sentencing guideline range, he already would have completed his sentence and should be released.

Woods also submitted a supplement to his petition claiming the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) "exonerates [him] from 'both' the 'sentence' and the 'conviction.'" (ECF No. 5 at 1). He claims *Alleyne* made both drug type and

-3-

drug amount elements of a drug offense that must be submitted to the jury and proven beyond a reasonable doubt. He further claims that before the government can impose a mandatory minimum sentence, it must include the drug type and amount in the indictment and the jury instructions and prove these elements beyond a reasonable doubt. He claims the government did not present chemical analysis proving that the substance he possessed was crack cocaine. He contends his conviction and sentence are unlawful, rendering him actually innocent of the crime.

**Standard of Review**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

**Analysis**

Woods initially contends his sentence is faulty due to an error in his 1996 pre-sentence report. A federal prisoner must challenge the legality of his conviction or sentence by

filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition under §2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). This challenge to the content of his pre-sentence report does not address the manner in which his sentence is being carried out, but rather attacks the sentence itself. As such, it must be asserted in a § 2255 motion to vacate sentence.

Section 2255(e) provides a narrow exception to this rule, permitting a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under § 2255 is or was "inadequate or ineffective" to test the legality of his detention. A prisoner may take advantage of this provision when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute under which petitioner was convicted, and by this interpretation excludes petitioner's actions as a violation of the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241"). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by motion under Section 2255, or where he did assert his claim in an earlier motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

To the extent Woods is asserting the amount of crack cocaine listed in his pre-sentence report is inaccurate, he is not relying on an intervening change in the law to support relief under § 2241. Indeed, he alleges he raised his objection to amount of crack cocaine listed in the pre-

sentence report at the time of his sentencing but the district court did not address his objection. Woods could and should have raised this objection on direct appeal of his conviction. He cannot pursue it as a collateral attack under § 2241.

In addition, Woods claims a change in controlling law announced by the Supreme Court in *Alleyne* renders him actually innocent of his crime. Alleyne was convicted by a jury of using or carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), a violation subject to a mandatory minimum five years incarceration.[1] At sentencing, however, over Alleyne's objection, the judge found that Alleyne had "brandished" a firearm, raising his mandatory minimum sentence to seven years under the applicable statute. The trial court determined that, under *Harris v. United States*, 536 U.S. 545 (2002), brandishing was a sentencing factor, which the court could find without violating Alleyne's Sixth Amendment right to a jury trial. *Alleyne*, 133 S.Ct. at 2156. The court of appeals affirmed, and Alleyne petitioned for a writ of habeas corpus, arguing that *Harris* could not be reconciled with the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime [,]" which must be proved to a jury. *Id*. at 2157. The Supreme Court agreed with Alleyne, holding that any fact that increases a mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," that must be found by a jury. *Id.* at 2160. In doing so, the Court overruled *Harri*s, which limited

---

[1] Section 924(c)(1)(A) provides, in relevant part, that anyone who "uses or carries a firearm" in relation to a "crime of violence" shall:
    (i) be sentenced to a term of imprisonment of not less than 5 years;
    (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
    (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

*Apprendi* to facts increasing the statutory maximum, concluding that mandatory minimum sentences increase the penalty for a crime, and that the facts used to enhance a sentence are offense elements "that must be submitted to the jury and found beyond a reasonable doubt" before an enhanced mandatory minimum sentence can be imposed. *Id*. Thus, the Supreme Court held that the district court erred when it imposed a seven-year mandatory minimum sentence on Alleyne, because the jury had not found the fact—brandishing—supporting the mandatory minimum beyond a reasonable doubt.

Here, Woods seeks the retroactive application of the rule announced in *Alleyne* to his case to establish his actual innocence of the enhancement applied by the trial court. He claims the sentencing court erred in sentencing him to the 10 year mandatory minimum on his drug related charges when the court determined the quantity of cocaine involved in his offenses and that quantity was neither specified in the indictment or supported by the jury's findings of fact. He contends, pursuant to *Alleyne*, that the quantity of cocaine involved in his offenses is an element of an aggravated crime, rather than a sentencing factor, that must be proved to a jury. He asserts his sentence of 120 months far exceeds the maximum sentence he could have received for the unspecified quantity of cocaine found by the jury in his case, and he seeks immediate release from prison. He also argues that *Alleyne* requires the government to prove, by introducing evidence of chemical composition, that the material he possessed was, in fact, crack cocaine.

Woods's reliance on *Alleyne* is unavailing. As explained above, a petitioner seeking to challenge the execution of his sentence may file a § 2241 petition in the district court having jurisdiction over his custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A petitioner challenging the imposition of his sentence must generally must file a § 2255 motion to

vacate, set aside or correct sentence in the sentencing court. See 28 U.S.C. § 2255; *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir.1999); *Capaldi*, 135 F.3d at 1123. A challenge to a conviction or sentence cannot be maintained under § 2241, unless it also appears that § 2255 is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255; *Charles*, 180 F.3d at 755-56; *Capaldi*, 135 F.3d at 1123. The Sixth Circuit has instructed: "[C]laims do not fall within any arguable construction of ... [the savings clause when] defendants have not shown an intervening change in the law that establishes their actual innocence." *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). Here, *Alleyne* neither supports Woods's claim of "actual innocence," nor does that decision aid him in demonstrating that his remedy under § 2255 was inadequate or ineffective.

A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence of a crime. *See Martin*, 319 F.3d at 804; *Peterman*, 249 F.3d at 462. Secondly, "actual innocence means factual innocence, rather than mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting in *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, Woods must point to a decision holding a substantive criminal statute no longer reaches the conduct of which he stands convicted. *Bousely*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g.*, *Bailey v. United States*, 516 U.S. 137 (1995) (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

*Alleyne* is not such an intervening change in the law and does not decriminalize the acts which form the basis of Woods's conviction. He does not assert he is actually innocent of his

federal offenses, rather he claims innocence of the drug quantity sentencing enhancement pursuant to the rule announced in *Alleyne*. He also claims the government did not provide evidence at trial in the form of chemical analysis of the substance he possessed to prove it was crack cocaine. Contrary to Woods's assertion, *Alleyne* does not require the government to introduce a specific kind of evidence pertaining to the chemical composition of the substance in question, nor does it decriminalize possession of crack cocaine. The savings clause may only be applied when the petitioner makes a claim of actual innocence. *Alleyne* is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003) (holding *Apprendi* could not be basis for actual innocence claim) (citing *Peterman*, 249 F.3d at 462). *Alleyne*, like *Apprendi* before it, "does not bear on whether a defendant is innocent of a crime, but merely limits the potential punishment for it." *Roberts v. Snyder*, 77 F. App'x 292, 294 (6th Cir. 2003) (citing *Goode v. United States*, 305 F.3d 378, 385 (6th Cir. 2002).

Furthermore, at this time, *Alleyne* does not afford a basis for granting collateral post-conviction relief. The new rule announced in *Alleyne* is not retroactive and it cannot be applied retroactively to cases on collateral review. *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *Mingo v. United States*, 2013 WL 4499249 (W.D.Mich. Aug.19, 2013); *United States v. Graham*, 2013 WL 4400521 (E.D.Ky. Aug.15, 2013); *Springs v. United States*, 2013 WL 4042642, *4 (W.D.N.C. Aug.9, 2013); *United States v. Reyes*, 2013 WL 4042508, —— 14–19 (E.D.Pa. Aug.8, 2013); *Affolter v. United States*, 2013 WL 3884176 (E.D.Mo. July 26, 2013); *United States v. Stanley*, 2013 WL 3752126, * 7 (N.D.Okla. July 16, 2013).

## Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241

is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

       /s/Donald C. Nugent
       DONALD C. NUGENT
       UNITED STATES DISTRICT JUDGE

Dated: _November 8, 2013__